STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
May 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SWVA, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 12-0472** (BOR Appeal No. 2046508)
                    (Claim No. 2010131204)

**LARRY T. ADKINS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner SWVA, Inc., by H. Toney Stroud,[1] its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated March 20, 2012, in which the Board reversed a September 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 20, 2010, decision, rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Larry T. Adkins worked as a brick layer for SWVA, Inc. On March 12, 2010, while turning to pick up a brick, he felt a pop in his lower back and left hip. Mr. Adkins was diagnosed with a left hip contusion by Kimberly Lauder, D.O., and filed for workers' compensation benefits based on the injury. Steven Lochow, M.D., however, found that Mr. Adkins had low back pain from a herniated disc and sciatica. On April 20, 2010, the claims administrator rejected Mr. Adkins's claim stating that the condition complained of was not received in the course of or

---

[1] H. Toney Stroud withdrew as counsel for the employer, SWVA, Inc. after submitting its Petition for Appeal. Steven K. Wellman was substituted as counsel on February 11, 2013.

resulting from his employment. On September 23, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review, however, reversed the Order of the Office of Judges on March 20, 2012, leading SWVA, Inc., to appeal.

The Office of Judges concluded that Mr. Adkins did not demonstrate that he suffered an injury on March 12, 2010, in the course of and as a result of his employment. The Office of Judges found that the evidence in the record showed that Mr. Adkins merely turned on his hip and it popped. The Office of Judges found that this mechanism of injury was an action that Mr. Adkins would repeat throughout the day regardless of whether he was at work, and therefore, the injury could not be in the course of and as a result of Mr. Adkins's employment. The Office of Judges pointed out that Mr. Adkins has a history of right hip problems resulting from osteoarthritis which had the same characteristics as his current complaints.

The Board of Review concluded that Mr. Adkins had suffered an injury in the course of and resulting from his employment. It reversed the Order of the Office of Judges. The Board of Review found that Mr. Adkins was laying bricks in a confined space when he felt his hip pop. The Board of Review determined that Mr. Adkins was required to twist and contort his body in order to accomplish this job. The Board of Review concluded that this was a compensable injury. The Board of Review, however, determined that the proper diagnosis for this injury had not been established because the record contained inconsistent diagnoses. The Board of Review pointed out that the initial diagnosis was a left hip contusion but that a more recent report from Dr. Lochow focused on a back injury. The Board of Review, therefore, remanded the claim to the claims administrator with instruction to determine the proper compensable diagnosis.

We agree with the conclusion of the Board of Review. Mr. Adkins has presented sufficient evidence to show that he was injured in the course of and resulting from his employment. Mr. Adkins's account of his injury shows that on March 12, 2010, he was working in a confined space, which forced him to twist and contort his body. Mr. Adkins's account of his injury has been consistent throughout the litigation of the claim, and it demonstrates that there is a causal link between his employment and his injury. The record, however, is unclear whether Mr. Adkins's symptoms relate to a lower back or hip injury. The Board of Review was within its discretion in remanding the case for further development of the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2014**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin